Thomas H. Bienert, Jr. [State Bar No. 135311]
Kenneth M. Miller [State Bar No. 151874]
Ariana Seldman Hawbecker [State Bar No. 190506]
Teresa Céspedes Alarcón [State Bar. No. 205390]
**BIENERT, MILLER, WEITZEL & KATZMAN, PLC**
115 Avenida Miramar
San Clemente, California 92672
Phone: (949) 369-3700
Fax: (949) 369-3701
tbienert@bmwklaw.com
kmiller@bmwklaw.com
ahawbecker@bmwklaw.com
talarcon@bmwklaw.com

Attorneys for Defendant
DONGFAN "GREG" CHUNG

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>DONGFAN "GREG" CHUNG,<br>Defendant. | CASE NO. SA CR 08-00024-CJC<br><br>DEFENDANT DONGFAN "GREG" CHUNG'S NOTICE OF MOTION AND MOTION TO DISMISS COUNTS 1 THROUGH 9 OF THE INDICTMENT AS UNCONSTITUTIONALLY VAGUE<br><br>DATE: April 13, 2009<br>TIME: 9:00 a.m.<br>PLACE: 9B |

# TABLE OF CONTENTS

TABLE OF AUTHORITIES . . . . . . . . . . i

MEMORANDUM OF POINTS AND AUTHORITIES . . . . . . . . . . 3

I. INTRODUCTION . . . . . . . . . . 3

II. BACKGROUND . . . . . . . . . . 3

III. LEGAL ANALYSIS . . . . . . . . . . 4

A. As Applied, the EEA is Unconstitutionally Vague Because it Fails Adequately to Define "Trade Secrets" In a manner that Gives Mr. Chung Fair Notice of the Proscribed Conduct . . . . . . . . . . 4

1. The "Generally Known to" and "Readily Ascertainable" Requirement is Unconstitutionally Vague . . . . . . . . . . 6

2. The "Reasonable Measures" Requirement is Unconstitutionally Vague . . . . . . . . . . 8

3. The "Independent Economic Value, Actual or Potential" Requirement Is Unconstitutionally Vague . . . . . . . . . . 10

B. The EEA's Vagueness Lends Itself to Arbitrary Enforcement . 11

C. As Applied, Section 371 Is Unconstitutionally Vague . . . . . . . 11

IV. Conclusion . . . . . . . . . . 12

# TABLE OF AUTHORITIES

## CASES:

*Grayned v. City of Rockford*
408 U.S. 104 (1972) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7, 11

*Kolender v. Lawson*
461 U.S. 352 (1983) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*United States v. Arlt*
252 F.3d 1032 (9th Cir. 2001) (en banc) . . . . . . . . . . . . . . . . . . . . . . . 12

*United States v. Bamburg*
478 F.3d 934 (8th Cir. 2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*United States v. Harriss*
347 U.S. 612 (1954) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*United States v. Hsu*
40 F.Supp.2d 623 (E.D.Pa. 1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 7

*United States v. Williams*
128 S.Ct. 1830 (2008) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6,

## STATUTES:

The Economic Espionage Act of 1996 . . . . . . . . . . . . . . . . . . . . . . . . . . passim

18 U.S.C. § 371 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 11

18 U.S.C. § 1831 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 5

18 U.S.C. § 1839 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 6, 8, 10

## OTHER:

Black's Law Dictionary 1219 (6th ed. 1991) . . . . . . . . . . . . . . . . . . . . . . . . 8

Thomas H. Bienert, Jr. [State Bar No. 135311]
Kenneth M. Miller [State Bar No. 151874]
Ariana Seldman Hawbecker [State Bar No. 190506]
Teresa Céspedes Alarcón [State Bar. No. 205390]
**BIENERT, MILLER, WEITZEL & KATZMAN, PLC**
115 Avenida Miramar
San Clemente, California 92672
Phone: (949) 369-3700
Fax: (949) 369-3701
tbienert@bmwklaw.com
kmiller@bmwklaw.com
ahawbecker@bmwklaw.com
talarcon@bmwklaw.com

Attorneys for Defendant
DONGFAN "GREG" CHUNG

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>DONGFAN "GREG" CHUNG,<br>Defendant. | CASE NO. SA CR 08-00024-CJC<br><br>DEFENDANT DONGFAN "GREG" CHUNG'S NOTICE OF MOTION AND MOTION TO DISMISS COUNTS 1 THROUGH 9 OF THE INDICTMENT AS UNCONSTITUTIONALLY VAGUE<br><br>DATE: April 13, 2009<br>TIME: 9:00 a.m.<br>PLACE: 9B |

TO THE HONORABLE COURT, ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on April 13, 2009, at 9:00 a.m., or as soon thereafter as the matter may be heard, in Courtroom 9B of the above-entitled Court located at 411 West Fourth Street, Santa Ana, California, defendant Dongfan "Greg" Chung will and hereby does move to dismiss Count 1 (18 U.S.C. § 371)

and Counts 2 through 9 (18 U.S.C. §§ 1831(a)(1) and (3)) of the Indictment on the grounds that the Economic Espionage Act of 1996 is unconstitutionally vague.

This Motion is brought pursuant to Rule 12 of the Federal Rules of Criminal Procedure and the Due Process Clause of the Fifth Amendment to the United States Constitution and is based on this Notice of Motion, the attached Memorandum of Points and Authorities, all pleadings and records on file in this case, and on such further evidence and argument that may be presented at the hearing on this Motion.

DATED: March 23, 2009

Respectfully submitted,

BIENERT, MILLER, WEITZEL & KATZMAN, PLC

By: *S/Kenneth M. Miller*
THOMAS H. BIENERT, JR.
KENNETH M. MILLER
ARIANA SELDMAN HAWBECKER
TERESA CÉSPEDES ALARCÓN

ATTORNEYS FOR DEFENDANT DONGFAN "GREG" CHUNG

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

The Economic Espionage Act of 1996 (the "EEA") is unconstitutionally vague and violates Mr. Chung's right to due process. Mr. Chung allegedly conspired to commit economic espionage and committed economic espionage by knowingly possessing and concealing without authorization trade secrets belonging to the Boeing Company ("Boeing"), intending and knowing the offense would benefit the People's Republic of China (the "PRC").

But the EEA's definition of a "trade secret" offends due process. It is defined through a combination of various sub-elements that are themselves inherently vague. Because Counts 1 through 9 are based on the EEA, they should be dismissed.

## II. BACKGROUND

Mr. Chung is charged with conspiring to commit economic espionage and committing economic espionage. According to the Indictment, Mr. Chung was sent requests by officials and agents of the government of the PRC for information relating to the United States Space Shuttle, the C-17 and the Delta IV. (Indictment, ¶ 21(a).) The Indictment alleges that in response to these requests, Mr. Chung, using his access as an engineer at Rockwell International ("Rockwell") and Boeing, took, without authorization, documents containing trade secrets from Rockwell and Boeing, and concealed them in his home. (*Id.* at ¶ 21(b).)

The documents which are alleged to contain trade secrets are four "Shuttle Phased-Array" documents, two of which were marked "Boeing Proprietary" (*id.* at ¶¶ 5(a)-(d), 25); two "Delta IV" documents, one of which was marked "Boeing North America Proprietary," and the other which was marked "Boeing Proprietary" (*id.* at ¶¶ 7(a)-(b), 25); and two "C-17" documents, one of which was

marked "Not for General Distribution." (*Id.* at ¶¶ 9(b), 25.) Of the eight documents at issue, three had no designation of "proprietary" or otherwise.

According to the Indictment, Mr. Chung took these documents with the intent to benefit the government of the PRC by providing the information in the documents to the government of the PRC. (*Id.* at ¶ 21(c).) These eight documents are the alleged "trade secrets" that form the basis of the conspiracy to commit economic espionage charge (Count 1) (Indictment, ¶¶ 20-21) and the economic espionage charges (Counts 2 through 9) (Indictment, ¶ 25) against Mr. Chung.

## III. LEGAL ANALYSIS

The EEA is unconstitutionally vague. Generally, a statute is void for vagueness under the Due Process Clause if it fails to give a person of ordinary intelligence fair notice that his contemplated conduct is forbidden by the statute and lends itself to arbitrary and discriminatory enforcement. *United States v. Bamburg*, 478 F.3d 934, 937 (8th Cir. 2007) (citing *Kolender v. Lawson*, 461 U.S 352, 357 (1983)). The underlying principle is that no man shall be held criminally responsible for conduct which he could not reasonably understand to be proscribed. *United States v. Harriss*, 347 U.S. 612, 617 (1954).

### A. As Applied, the EEA is Unconstitutionally Vague Because it Fails Adequately to Define "Trade Secrets" in a Manner that Gives Mr. Chung Fair Notice of the Proscribed Conduct

The Indictment charges Mr. Chung with, *inter alia*, conspiracy to commit economic espionage in violation of 18 U.S.C. § 371 (Count 1) and economic espionage in violation of 18 U.S.C. §§ 1831(a)(1) and (3) (Counts 2 through 9).[1] Section 1831(a)(1) provides:

---

[1] All future references to "Section" are to Title 18 of the United States Code.

> Whoever, intending or knowing that the offense will benefit any foreign government, foreign instrumentality, or foreign agent, knowingly
>
> (1) steals, or without authorization appropriates, takes, carries away, or conceals, or by fraud, artifice, or deception obtains a trade secret;
>
> . . .
>
> (3) receives, buys, or possesses a trade secret, knowing the same to have been stolen or appropriated , obtained, or converted without authorization;
>
> . . .
>
> Shall, except as provided in subsection (b), be fined not more than $500,000 or imprisoned not more than 15 years, or both.

"Trade secret," in turn, is defined as:

> [A]ll forms and types of financial, business, scientific, technical, economic, or engineering information, including patterns plans, compilations, program devices, formulas, designs, prototypes, methods, techniques, processes, procedures, programs, or codes, whether tangible or intangible, and whether or how stored, compiled, or memorialized physically, electronically, graphically, photographically, or in writing if-
>
> (A) the owner thereof has taken reasonable measures to keep such information secret; and
>
> (B) the information derives independent economic value, actual or potential, from not being generally known to, and not being readily ascertainable through proper means by, the public[.]

18 U.S.C. § 1839(3).

Section 1839(3)'s definition of "trade secret" fails, however, to define: (1) what constitutes "reasonable measures" to keep such information secret, (2) what is meant by information not being "generally known to, and not being readily ascertainable through proper means by, the public," or (3) what constitutes "independent economic value, actual or potential." This omission renders the EEA

unconstitutionally vague as applied to Mr. Chung because the fact to be determined under the statute—whether Mr. Chung possessed trade secrets—is inherently vague. *See United States v. Williams*, 128 S.Ct. 1830, 1846 (2008) (the key issue for vagueness under the Fifth Amendment is whether the fact to be determined is inherently vague). As explained below, the EEA fails to provide Mr. Chung fair notice of what constitutes a "trade secret" under the EEA and lends itself to arbitrary enforcement.

1. <u>The "Generally Known to" and "Readily Ascertainable" Requirement is Unconstitutionally Vague</u>

The "generally known to" and "readily ascertainable" requirement of Section 1839(3)'s "trade secret" definition is unconstitutionally vague as applied to Mr. Chung because it fails to give him fair notice of what constitutes a trade secret under the EEA. In *United States v. Hsu*, 40 F.Supp.2d 623 (E.D.Pa. 1999), the district court analyzed the defendant's as-applied constitutional challenge to the "generally known" and "readily ascertainable" language of the EEA. In doing so, the district court highlighted the patent vagueness of this language:

> Unlike statutes that prohibit, for example, murder . . . bribery . . . or distribution of cocaine . . . where there is clearly a defined end . . . , here, where a "trade secret" is based on intangible and evolving concepts and ideas, and where the definition of a "trade secret" is based, in part, on what is "generally known" or "readily ascertainable" to the public, the analysis is considerably more problematic.

*Id.* at 629-30.

> Assume Congress passed a statute making it a crime to be "bad" . . . and the definition of "bad" was "what people generally know as really bad or evil." On its face, such a statute is palpably and unlawfully vague. Yet as applied to Dr. Hannibal "the cannibal" Lecter . . . . such a statute would not be unconstitutionally vague, as all but the criminally insane would agree that Dr. Lecter is "bad."

*Id.* at 630.

> The EEA is "in many ways more problematic than our badness statute because, unlike our imagined law, what is "generally known" and "reasonably ascertainable" about ideas, concepts, and technology is constantly evolving in the modern age. With the proliferation of the media of communication on technological subjects, and (still) in so

> many languages, what is "generally known" or "reasonably ascertainable" to the public at any given time is necessarily never sure.

*Id.* While troubled by the EEA's "vaporous terms," the district court nevertheless held that as applied to "*this* case and *this* defendant," the "generally known to," and "not being readily ascertainable" language was not unconstitutionally vague because the evidence demonstrated that the defendant knew he could not acquire the information at issue through legally public means and would have to acquire it from an allegedly corrupt employee. *Id.* at 630-31.

Here, there are no similar facts in the Indictment to suggest that Mr. Chung knew that the information was not "generally known to" or not "readily ascertainable" by the public. As noted in *Hsu*, *supra*, "what is 'generally known' and 'reasonably ascertainable' about ideas, concepts, and technology is constantly evolving in the modern age" (40 F.Supp.2d at 630), such that what is "generally known to" or "readily ascertainable" at any given time is necessarily never sure.

This is especially true where, as here, Mr. Chung is charged with committing economic espionage in 2006 for allegedly concealing "trade secrets" that date back to 1996. (*See* Indictment, ¶ 4 noting Shuttle Phased-Array technology existed in 1996; ¶ 7 noting Delta-IV technology existed in 1998.) The Indictment includes no facts to support the conclusion that these documents were, in fact, not "generally known to" or "readily ascertainable" by the public in 1996, much less 2006.

Because the "generally known to" and "readily ascertainable" requirements of the EEA's definition of "trade secrets" are vague, the charges against Mr. Chung violate the constitutional requirement that "laws give the person of ordinary intelligence a reasonable opportunity to know what is prohibited, so that he may act accordingly." *Grayned v. City of Rockford*, 408 U.S. 104, 108 (1972). Accordingly, Counts 2 through 9 should be dismissed.

2. The "Reasonable Measures" Requirement is Unconstitutionally Vague

The "reasonable measures" requirement of Section 1839(3)'s "trade secret" definition also is unconstitutionally vague because it does not allow Mr. Chung adequately to assess what constitutes a "trade secret" under the EEA. The Indictment alleges that only Boeing employees who worked in the Space Shuttle, Delta IV or C-17 programs, or otherwise had a need to know, were given access to this technology. (Indictment, ¶¶ 4, 6, 8.) According to the Indictment, that four of the eight documents at issue were marked with a "proprietary" designation (Indictment, ¶¶ 5(a)-(d), 7(a)-(b)), while a fifth was marked "Not for General Distribution." (Indictment, ¶ 9(b).)

The fact alone that four of the eight documents (two Shuttle Phased-Array and two Delta IV documents) were marked "proprietary" is insufficient as a matter of law. The fact that information is "proprietary" does not, by definition, mean that it is "secret." (A company pen can be proprietary.) Nor does it give notice of the security measures that the owner took to keep the information secret, much less whether those measures were "reasonable."

Black's Law Dictionary defines "proprietary" as "[b]elonging to ownership; owned by a particular person; belonging or pertaining to a proprietor; relating to a certain owner or proprietor." Black's Law Dictionary 1219 (6th ed. 1991). "Proprietary Information" is further defined as "[i]n trade secret law, information in which the owner has a protectable interest." *Id.* Neither of these terms includes secrecy as part of their definition, and nothing in the EEA's definition of "trade secret" refers to the term "proprietary" to define what is meant by the "reasonable measures" requirement. While all trade secrets may be proprietary information – *i.e.*, information in which the owner has a protectable interest – not all proprietary information, like the Boeing documents, necessarily constitute a "trade secret."

Thus, Boeing's proprietary designation alone does not provide fair notice that Boeing took "reasonable measures" to keep its proprietary information secret.

Boeing's internal documents support this conclusion. As reflected in the Indictment, Mr. Chung signed an "Employee Action Notification" agreement with Boeing in which he stated he would not use or disclose without authorization any proprietary, confidential, ***or*** trade secret information. (Indictment, ¶ 14 (emphasis added).) Boeing's own distinction between proprietary and trade secret information underscores that proprietary information is not necessarily trade secret information, such that Boeing's "proprietary" designation alone did not give Mr. Chung fair notice that the documents so designated were "trade secrets" under the EEA. Further, Boeing's "proprietary" designation failed to provide Mr. Chung notice that the security measures taken by Boeing were "reasonable" because Boeing failed to designate other documents (two of the four Shuttle Phased-Array documents) containing the very same technology as "proprietary."

The same is true for the C-17 document that was marked "Not for General Distribution." This designation is patently vague as Mr. Chung is left to undertake the guess work in determining what is meant by "General Distribution." Does this designation mean the document is not to be distributed to non-C-17 employees? Non-Boeing employees? Non-defense industry employees? The public generally? This designation alone, without more, simply does not apprise Mr. Chung of the security measures taken by Boeing to keep the information secret, nor allows Mr. Chung to adequately assess whether such measures, if any, were "reasonable" within the meaning of the EEA.

Additionally, the allegation that only Boeing employees who worked in the Space Shuttle, Delta IV or C-17 programs, or otherwise had a need to know, were given access to this technology (Indictment, ¶¶ 4, 6, 8) provides no notice as to whether the measures Boeing undertook took to keep this technology secret were "reasonable." This is particularly true given the Indictment alleges that Mr. Chung

did not work in the Delta IV or C-17 programs at any time during his employment at Boeing (Indictment, ¶ 12), yet Mr. Chung clearly had access to the Delta IV and C-17 documents.

3. The "Independent Economic Value, Actual or Potential" Requirement Is Unconstitutionally Vague

The statute's definition of "trade secret" is also unconstitutionally vague as applied to Mr. Chung because it fails to give him fair notice of what constitutes "independent economic value." The statute unclearly states that that "independent economic value" includes "actual or potential," "economic value", which arises "from not being generally known to, and not being readily ascertainable through proper means by, the public …" 18 U.S.C. §1839(3)(B).

A person of ordinary intelligence such as Mr. Chung cannot reasonably be expected to know what information has "independent economic value" and what "actual" versus "potential" "economic value" means, where the "value" as set forth in the statute derives from "not being generally known" and "readily ascertainable," which, as discussed herein, are also unconstitutionally vague. It is unclear, for example, whether, for an item to have independent economic value, there must be a market for it and the defendant must know that or whether the standard is something else.

The word "independent" in front of "economic value", coupled with the requirement of secrecy, imply that a value can be ascribed to the information in an objective sense. However, the definition of types of information that may be considered a trade secret is broad, covering "all forms and types of financial, business, scientific, technical, economic, or engineering information, including patterns plans, compilations, program devices, formulas, designs, prototypes, methods, techniques, processes, procedures, programs, or codes, whether tangible or intangible, and whether or how stored, compiled, or memorialized physically, electronically, graphically, photographically, or in writing." 18 U.S.C. §1839(3).

It is clear that on some ends of the spectrum it might be readily apparent what information within these categories could be found to be a trade secret (e.g., the formula for Coke), and what might not (2+2=4). However, the vagueness lies with all of the information that falls within the middle of that spectrum and a person such as Mr. Chung cannot be expected to know whether independent economic value may be ascribed to information allegedly within his possession. Because the line between what information has "independent economic value" and what does not is so blurry, this necessarily may lead to arbitrary and discriminatory findings as to whether or not a defendant possessed something of "independent economic value". In this case, a reasonable person in the shoes of Mr. Chung cannot reasonably be presumed to discern what documents could be ascribed with "independent economic value" at the point in time he allegedly possessed them. Thus, the statute is void for vagueness.

B. The EEA's Vagueness Lends Itself to Arbitrary Enforcement

The EEA's vagueness necessarily lends itself to arbitrary enforcement because there are no clear standards for law enforcement to follow:

> [I]f arbitrary and discriminatory enforcement is to be prevented, laws must provide explicit standards for those who apply them. A vague law impermissibly delegates basic policy matters to policemen, judges, and juries for resolution on a ad hoc and subjection basis, with the attendant dangers of arbitrary and discriminatory application.

*Grayned*, 408 U.S. at 108-09. The government's application of the EEA charges against Mr. Chung is hopelessly vague resulting in the ad hoc determination that Mr. Chung's conduct is illegal.

C. As Applied, Section 371 Is Unconstitutionally Vague

Count 1 charges Mr. Chung with conspiracy to commit economic espionage in violation of Section 371. Because the legal obligation that supports the conspiracy charge - *i.e.*, the EEA - failed to provide Mr. Chung the constitutionally required notice of what is a "trade secret," Section 371 also fails to provide the requisite fair notice. "[T]he specific offense designated as the object of the

conspiracy in a § 371 indictment does constitute an element of the [charged conspiracy]." *United States v. Arlt*, 252 F.3d 1032, 1033-34 (9th Cir. 2001) (en banc). Mr. Chung cannot be said to have fair notice that the law proscribes conspiracy to commit economic espionage when the EEA has failed to give him fair notice of what "economic espionage" is.

## IV. CONCLUSION

Based on the foregoing, defendant Dongfan "Greg" Chung respectfully requests that the Court grant his Motion to Dismiss Counts 1 through 9.

DATED: March 23, 2009

Respectfully submitted,

BIENERT, MILLER, WEITZEL & KATZMAN, PLC

By: *S/Kenneth M. Miller*
THOMAS H. BIENERT, JR.
KENNETH M. MILLER
ARIANA SELDMAN HAWBECKER
TERESA CÉSPEDES ALARCÓN

ATTORNEYS FOR DEFENDANT DONGFAN "GREG" CHUNG

# CERTIFICATE OF SERVICE

I, Janine Philips, declare,

That I am a citizen of the United States and am a resident or employed in Orange County, California; that my business address is 115 Avenida Miramar, San Clemente, California 92672; that I am over the age of 18 and not a party to the above-entitled action.

That I am employed by a member of the United States District Court for the Central District of California and at whose direction I caused service of: **SDEFENDANT DONGFAN "GREG" CHUNG'S NOTICE OF MOTION AND MOTION TO DISMISS COUNTS 1 THROUGH 9 OF THE INDICTMENT AS UNCONSTITUTIONALLY VAGUE** on the interested parties as follows:

**X BY ELECTRONIC MAIL:** by electronically filing the foregoing with the Clerk of the District Court using its ECF System pursuant to the Electronic Case Filing provision of the United States District Court General Order and the E-Government Act of 2002, which electronically notifies said parties in this case:

AUSA Gregory W. Staples
Office of US Attorneys
USACAC.SACriminal@usdoj.gov
Greg.staples@usdoj.gov
*Via electronic mail*

AUSA Ivy Wang
Office of US Attorneys
USACAC.SACriminal@usdoj.gov
*Via electronic mail*

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

This certificate was executed on March 23, 2009, at San Clemente, California.

*S/Janine Philips*
Janine Philips